### Eben W. Dart v. Austin J. Goss.

*Parties: Judgment.* In a suit against a single defendant upon a judgment rendered in the state of New York, against three defendants, where the exemplification of the foreign judgment does not show any return of service upon the other two defendants, and contains recitals that they were proceeded against by publication, but the entry of judgment recites due service of summons upon all, and the judgment appears to have been collected in part by seizure and sale of the property of one of the other defendants, it cannot be said that such judgment is void on its face as against any of the defendants therein named. Such judgment will not support a judgment against such single defendant.

*Parties: Declaration: Evidence.* Where, in a suit against a single defendant, a judgment against three is declared upon as one valid against all the defendants, and no reason is given for proceeding against one alone, such declaration will not warrant the plaintiff's going into evidence to show that the judgment bound only the defendant proceeded against.

*Heard January 8. Decided January 9.*

Error to Ingham Circuit.

Goss sued Dart in Ingham circuit upon a judgment rendered in the supreme court of the state of New York, for the county of St. Lawrence, against said Dart, Solomon W. Wright and Alfred Dart. The court below rendered judgment for the plaintiff, and the defendant brings the case to this court on writ of error.

*Dart & Wiley*, for plaintiff in error.

*S. F. Seager*, for defendant in error.

DART v. GOSS.

PER CURIAM.

In this case the plaintiff seeks to recover against the defendant on a judgment rendered in the state of New York, against him and two others jointly. In the declaration, no reason appears for proceeding against one alone, and the judgment is declared upon as one valid against all. It is claimed on the part of the plaintiff, however, that the exemplification of the judgment introduced in evidence, shows it to have been void as against the other two parties, inasmuch as they do not appear to have been served with process; while on the other hand, the officer's return shows due service on the defendant. This being so, it is claimed that he alone was bound by the judgment, and he alone could be sued upon it.

The exemplification, it is true, does not show any return of an officer of due service upon the other parties; and there are recitals that they were proceeded against by publication; but the entry of judgment recites due service of summons upon all, and the judgment appears to have been collected in part, by seizure and sale of the property of one of the other parties. There is probably some error in the transcript, or in the entry of the judgment; but no court of this state has authority to correct such error. For the purposes of this case, it is sufficient to say that the judgment is not void on its face as against any of the defendants therein named, nor does the plaintiff's declaration contain any allegations which would have warranted his going into evidence to show that it bound the defendant alone.

The judgment for the plaintiff must, therefore, be reversed with costs, and a new trial granted.